

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

The National Consumers League
_____
Plaintiff

vs.

Flowers Bakeries, LLC
_____
Defendant

Case Number **13 - 0006550**

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Tracy D. Rezvani
_____
Name of Plaintiff's Attorney

1050 Connecticut Ave NW 10th Floor
_____
Address
Washington, D.C.

(202) 350-4270
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CASUM.doc





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

The National Consumers League

_____
Demandante

contra

Flowers Bakeries, LLC

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Tracy D. Rezvani

SECRETARIO DEL TRIBUNAL

_____
Nombre del abogado del Demandante

1050 Connecticut Ave NW 10th Floor

Por: _____

_____
Dirección
Washington, D.C. 20036

Subsecretario

(202) 350-4270

Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ·

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

    Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION



THE NATIONAL CONSUMERS
LEAGUE, 1701 K Street, NW, Suite 1200
Washington, DC 20006, on behalf of the
general public,

        Plaintiff,

        v.

Flowers Bakeries, LLC, 1919 Flowers
Circle, Thomasville, GA 31757

        Defendant.

Case No.

RECEIVED
Civil Clerk's Office
SEP 2 6 2013
Superior Court of the
District of Columbia
Washington, D.C

**13 - 0 0 0 6 5 5 0**

### COMPLAINT

Plaintiff, the National Consumers League ("Plaintiff"), by and through its counsel, brings this action against Defendant Flowers Bakeries, LLC ("Defendant") on behalf of the general public, alleges the following based upon information, belief and the investigation of counsel:

### NATURE OF THE CASE

1.    Plaintiff brings this action on behalf of the general public of the District of Columbia to redress the pervasive pattern of fraudulent, deceptive, and otherwise improper marketing practices that Defendant continues to engage in regarding the sale of Nature's Own Honey Wheat Bread and Whitewheat® Bread that exaggerate the amount of whole wheat in each product.

2.    Defendant sells a variety of baked goods under numerous brand names, including Nature's Own bread and rolls.

1

3.      The product lines include White breads, Premium Specialty Breads and Soft Variety Breads.

4.      The Honey Wheat Bread is part of the "Soft Variety Breads" line.[1]

5.      All of the other breads in the "Soft Variety Breads" category are either 100% whole grain or primarily whole grain.[2]

6.      Defendant's White Bread line does not include the Honey Wheat Bread, although that product is, in fact, a white bread product.

7.      Defendant claims that "Nature's Own Honey Wheat offers the perfect blend of wholesome wheat, sweetened with a touch of honey. A slice or two of this bread each day is a delicious way to add healthy grain to your diet."[3]

8.      The label clearly proclaims its wheat content:



---

[1] http://www.naturesownbread.com/products/VarietyBreads/

[2] http://www.naturesownbread.com/products/VarietyBreads/

[3] http://www.naturesownbread.com/products/VarietyBreads/HoneyWheatBread/

9.    However, as the ingredient list demonstrates, there is actually more sugar and

honey in the Honey Wheat bread than any whole wheat:[4]

> Unbleached enriched flour (wheat flour, malted barley flour, niacin, reduced iron,
> thiamin mononitrate, riboflavin, folic acid), water, honey, sugar, whole wheat flour, rye
> flour, wheat bran, yeast, contains 2% or less of each of the following: wheat gluten, salt,
> soybean oil, vinegar, cultured wheat flour, dough conditioners (contains one or more of
> the following: sodium stearoyl lactylate, calcium stearoyl-2-lactylate, monoglycerides
> and/or diglycerides, calcium peroxide, calcium iodate, datem, ethoxylated mono- and
> diglycerides, azodicarbonamide), yeast food (ammonium sulfate) , monocalcium
> phosphate, calcium sulfate, enzymes, soy flour, soy lecithin

10.    To add further to the confusion, Nature's Own, as part of its "Premium Specialty"

line of breads also has another "Honey Wheat" bread, but bearing the banner "Specialty":



11.    In an apparent comparison to the "Honey Wheat" bread that is part of the "Soft

Variety Breads" line, Defendant states: "Nature's Own Honey Wheat Specialty Bread offers *the*

*same perfect blend of wholesome wheat sweetened with honey*, but with a heartier texture and

*more* whole grain per slice."[5]

---

[4] http://www.naturesownbread.com/products/VarietyBreads/HoneyWheatBread/

[5] http://www.naturesownbread.com/products/PremiumSpecialty/HoneyWheatSpecialBread/ (emphasis
added). The "Premium Specialty" Honey Wheat bread contains: whole wheat flour, water, brown sugar, honey,
wheat gluten, contains 2% or less of each of the following: yeast, raisin juice concentrate, sunflower oil, salt,
cultured wheat flour, vinegar, dough conditioners (contains one or more of the following: sodium stearoyl lactylate,

12.    Although Defendant's Whitewheat Bread is correctly marketed as part of the

White Bread line, use of the name "Whitewheat," accompanied by a "Healthy White" claim,

implies that the bread is made from a variety of whole grain that is lighter in color and milder in

flavor.



13.    White wheat is a term that refers to albino wheat and is a whole grain.[6]

14.    Such "white wheat" products are now being marketed to consumers who do not

like the taste or appearance of whole grain bread.[7]

15.    Defendant's Whitewheat Bread actually contains:[8]

---

calcium stearoyl lactylate, monoglycerides and/or diglycerides, calcium peroxide, calcium iodate, datem,
ethoxylated mono- and diglycerides, azodicarbonamide, enzymes), calcium sulfate, soy lecithin. wheat starch,
topped with wheat bran, 111510.  *Id.*

[6] *E.g.* http://wholegrainscouncil.org/whole-grains-101/whole-white-wheat-faq (explaining that white wheat
is akin to "albino wheat").

[7] *E.g.* http://wholegrainscouncil.org/whole-grains-101/whole-white-wheat-faq (explaining that white wheat
is akin to "albino wheat"); *see also* Milling & Baking News, p. 6 (February 21, 2012)(advertisement for Cargill's
"Horizon Milling's WheatSelect® white spring whole wheat flour).

[8] http://www.naturesownbread.com/products/Whitewheat/WhiteWheatBread/

4

Unbleached enriched flour (wheat flour, malted barley flour, niacin, reduced iron.
thiamin mononitrate, riboflavin, folic acid), water, sugar, fiber (may contain soy, oat,
cottonseed, and/or cellulose), wheat gluten, yeast, contains 2% or less of each of the
following: calcium sulfate, soy flour, salt, calcium carbonate, soybean oil, cultured wheat
flour, dough conditioners (contains one or more of the following: sodium stearoyl
lactylate, calcium stearoyl lactylate, monoglycerides, mono- and diglycerides, calcium
peroxide, calcium iodate, datem, ethoxylated mono- and diglycerides, azodicarbonamide,
enzymes, ascorbic acid), vinegar, guar gum, citric acid, ammonium sulfate, monocalcium
phosphate, sodium citrate, soy lecithin, niacin, iron (ferrous sulfate), thiamine
hydrochloride, riboflavin, folic acid, natamycin (to retard spoilage), 102111

16.     As is clear from the above, Defendant's "Whitewheat Bread" contains neither

white wheat nor any whole wheat at all.

17.     Under Federal regulations, the name for bread that is composed primarily of non-

whole wheat flour is simply "white bread" [9] and not "white wheat" or "healthy white".

18.     If white bread contains permissible added vitamins and minerals or enriched flour

the correct name is "enriched bread." [10]

19.     All enriched breads are white breads.[11]

20.     A "wheat" description for bread is not an appropriate name for bread that is

primarily composed of white flour.[12]

21.     The only time "wheat" is permitted to be used as part of the name of bread is for

"whole wheat bread."[13]

---

[9] 21 C.F.R. §136.110.

[10] 21 C.F.R. § 136.115.

[11] 21 C.F.R. § 136.115.

[12] 21 C.F.R. § § 136.110, 136.115

[13] 21. C.F.R. § 136.180.

22. The dough for "whole wheat" bread must be made entirely from whole wheat flour or bromated whole wheat flour.[14]

23. No ordinary flour is permitted to be used if the product is called whole wheat bread.[15]

24. Honey Wheat Bread and Whitewheat Bread are misbranded under Section 403(g) of the Federal Food, Drug and Cosmetic Act because they should be named "enriched bread," the standardized name required by regulation."[16]

25. Under Federal regulations, the appropriate name for bread that is composed primarily of white flour is "white bread" or "enriched bread" if enriched flour is used and/or required nutrients have been added.[17]

26. The product names, Honey Wheat Bread and Whitewheat Bread, accompanied by depictions of sheaves of wheat, create a false impression or innuendo that the products have a significant amount of whole wheat when this is not the case.

27. As Nature's Own website indicates, healthy grains are whole grains: "Whole grains are packed with vitamins, minerals, fiber, and important phytonutrients, including antioxidants."

---

[14] 21. C.F.R. § 136.180.

[15] 21 C.F.R. § 136.180.

[16] 21 C.F.R. § 136.115.

[17] 21 C.F.R. § § 136.110, 136.115.

6

28.    The company website's "Nutrition Center" focuses on the importance of consuming whole grains, noting that: "Amazingly most Americans barely eat 1 serving of whole grains a day."

29.    Yet the company's own Honey Wheat Bread, which is promoted as a whole wheat product, contains more ordinary white flour, water, honey, and sugar, than whole wheat flour.

30.    The Whitewheat Bread contains no whole wheat.

31.    Plaintiff brings claims for violations of the D.C. Consumer Protection Act, D.C. Official Code §§ 28-3901 et seq. Plaintiff seeks restitution, damages, injunctive relief in the form of an order requiring the cessation of the unlawful marketing alleged herein and corrective advertising, and attorneys' fees and costs of this suit.

## JURISDICTION

32.    This Court has subject matter jurisdiction over this action, and venue is appropriate in this Court, pursuant to D.C. Code § 11-921 and §28-3905(k)(1).

33.    This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423. This Court has personal jurisdiction over the parties because, *inter alia*, Defendant markets its products in Washington, D.C., is engaged in deceptive schemes and acts directed at—and having the intended effect of—causing injury to persons residing in, located in, or doing business in Washington, D.C.

34.    Plaintiff is headquartered in Washington, D.C.

35.    A substantial part of the actions which gave rise to Plaintiff's causes of action occurred in this jurisdiction.

7

## PARTIES

36. Plaintiff, the National Consumers League, is a 501(c)(3) non-profit organization located at 1701 K Street N.W., Suite 1200, Washington, D.C. 20006.

37. Plaintiff focuses its advocacy on consumer protection, including efforts to promote accurate labeling on food products.

38. Defendant is Flowers Bakeries, LLC, with corporate headquarters located at 1919 Flowers Circle, Thomasville, GA 31757-1137.

## THE INTERESTS OF NCL & THE GENERAL PUBLIC

39. Defendant deceptively marketed its Nature's Own Honey Wheat and Whitewheat Breads to District of Columbia residents by fostering the false impression that they contained substantial amounts of a variety of whole grains.

40. Upon information and belief, Defendant has caused damage and adverse effects to residents of this District.

41. Plaintiff acts for the benefit of the General Public as a Private Attorney General pursuant to District of Columbia Code §28-3905(k)(1).

42. The NCL has worked diligently to promote accurate labeling of consumer goods. It has investigated, publicized, and/or litigated on mislabeling for lemon juice, vine-ripened tomatoes, extra-virgin olive oil, sunflower seeds, false health claims on cereal, and adulterated honey. It has also specifically written to the FDA and Martin's Famous Pastry Shoppe, Inc. regarding the mislabeling of Martin's "100% Whole Wheat Potato Bread." Finally, the NCL has met with the FDA to raise its concerns regarding inaccurate, false and deceptive labeling of breads.

8

## SUBSTANTIVE ALLEGATIONS

*Flowers Bakeries' Use of the Term Wheat in the name of its Honey Wheat and Whitewheat Breads Creates a False Impression Regarding the Nature of its Breads*

43.   The most prevalent ingredient in Nature's Own Honey Wheat Bread is unbleached enriched wheat flour, which means that it is ordinary refined white flour.

44.   In fact, there is more refined white flour, water, honey, sugar and wheat gluten than whole wheat flour in the Honey Wheat Bread.

45.   There is no whole wheat, or white wheat, whatsoever in the Whitewheat Bread.

46.   A reasonable consumer would purchase Honey Wheat and Whitewheat Breads believing that they contained substantial amounts of whole wheat or whole white wheat.

47.   Flowers Bakeries deliberately takes advantage of the well-known consumer confusion about whole wheat products in choosing the term "wheat" as part of its product names.

48.   Product labels are not permitted to exaggerate the presence of healthy ingredients on the package even though a consumer can locate elsewhere on the packaging an ingredient list.[18]

49.   Consumers in the general public of the District of Columbia, relying on Defendant's representations, purchased Nature's Own Honey Wheat and Whitewheat Breads with the reasonable expectation that the breads contained a substantial amount of whole wheat or whole white wheat i.e, at least 51% of the product is whole wheat or contains at least 8 grams per ounce.

---

[18] *Williams v. Gerber Products, Inc.,* 552 F.3d 934 (9th Cir. 2008).

9

50.    Consumers paid for a product that they reasonably thought to contain significant amounts of whole wheat, as suggested by the product names.

*Defendant Has Sought to Capitalize on Increasing Consumer Demand for Whole Wheat through Its Advertising, Naming, and Labeling Choices*

51.    The sum of Defendant's advertising and labeling practices amounts to a representation that its Honey Wheat and Whitewheat Breads are characterized by their lack of refinement, and are healthier than other varieties of its breads.

52.    The Defendant's website evidences its intention that consumers rely on these representations when making purchasing decisions.

53.    Flowers Bakeries deliberately positions its Honey Wheat Bread in its list of products as a "soft variety bread," rather than as an ordinary white bread.[19]

54.    Defendant calls its ordinary white bread, Whitewheat, in an attempt to confuse consumers who associate white wheat with a new lighter variety of whole wheat.

55.    Defendant further fosters this confusion by referring to its Whitewheat bread as a "healthy white" bread.

56.    Defendant knows, or should know, that the names of its Honey Wheat and Whitewheat Breads are deceptive and likely to mislead reasonable consumers.

57.    As a result of Defendant's false, deceptive, and misleading advertising, consumers do not receive the benefit of their bargains when they purchased their bread.

---

[19]  http://www.naturesownbread.com/products/

10

58.    Defendant also gains a competitive advantage over other companies, like

Pepperidge Farm, who advertise their products more accurately.[20]

*Defendant Capitalizes and Relies on Consumer Misconceptions to Mislead.*

59.    Research indicates that consumers tend to assume that wheat products contain

large proportions of whole grain.[21]

60.    Defendant's labeling scheme is deceptively designed to create a false impression.

61.    By engaging in this deceptive scheme, Defendant reaps increased profits by

playing on consumers' desires for whole wheat.

62.    For example, in a February 10, 2012 conference call with investment analysts,

George E. Deese, Flowers' chairman and chief executive officer stated: "For the fourth

consecutive quarter, the [Direct-Store-Delivery] segment achieved improved volume trends,

reflecting the strength of the Nature's Own brand and continued growth in new markets, *which

offset lower sales of regional white breads*." (emphasis added).[22]

---

[20] The primary ingredient in Pepperidge Farm's Whole Grain Honey Wheat bread is whole wheat flour. *See* http://www.pepperidgefarm.com/ProductDetail.aspx?catID=750

[21] http://wholegrainscouncil.org/newsroom/blog/2012/02/abc-news-on-whole-grain-labeling. The article references a national public opinion study conducted for the Center for Science in the Public Interest, and submitted to the Food & Drug Administration on February 2, 2012, which indicates that consumers overestimated the amount of whole wheat in a product when shown packages that emphasized the word "wheat." *See also* Milling & Baking News, Nutrition and Health, p. 48 (Feb. 21, 2012).

[22] *Id.*

11

*Increasing Consumer Demand Has Propelled the Whole Grain and Multigrain Food Market into a Multi-Billion Dollar Industry*

63.     Five year trends beginning in 2005-06 showed a "steep decline in demand for white bread, off 20%...."[23]

64.     The last several years have seen a sustained upward trend in demand for whole grains.[24]

65.     In line with this trend, more new whole grain products enter the market exponentially each year— 10 times as many in 2010 as in 2000. [25]

66.     Fully 11% of all grains consumed in the U.S. are now whole grains. By 2017, the whole grain food market is anticipated to be worth 27.6 billion dollars.[26]

67.     The massive growth in demand for whole grain products stems from their perceived health benefits—American consumers consider whole grains to be the healthiest category of food—because of their lack of refinement.[27]

68.     Indeed, up to 49% of mothers seek to purchase less processed foods for their families, and up to 37% of Americans seek to live a natural lifestyle by purchasing unprocessed foods.[28]

---

[23] Milling & Baking News, Bread Product Perspective, *Millers see opportunity for baking despite alarming sales trends*, p. 29-30 (February 21, 2012).

[24] *Id.*; *see also* http://wholegrainscouncil.org/newsroom/whole-grain-statistics

[25] http://www.foodnavigator-usa.com/Markets/Whole-grain-food-market-to-hit-27.6-billion-by-2017-with-US-leading-the-way

[26] http://www.foodnavigator-usa.com/Markets/Whole-grain-food-market-to-hit-27.6-billion-by-2017-with-US-leading-the-way

[27] http://wholegrainscouncil.org/newsroom/whole-grain-statistics

[28] http://events.fleishmanhillard.com/cart-to-kitchen-how-moms-navigate-the-grocery-store/

69.     The industry explicitly discusses the negative opinion of bread after the "Atkins era" internally and notes that the "key to reversing the tide of public opinion about bread is clear...The quicker we move to make the fresh bread category all about whole grains, the faster we will be able to address the negative press we are getting from the critics of bread..." [29]

70.     In other words, the key to increasing sales generally in a culture taught to fear bread is to promote whole grains—which Flowers misleadingly does through its Honey Wheat and Whitewheat Breads.

71.     Defendant therefore promotes bread it does not provide in order to drive up sales it otherwise would not obtain.

72.     A survey of grocery shoppers found that whole grains and multigrain were the two product types experiencing the greatest growth in consumer demand. [30]

73.     Whole grains are also becoming haute cuisine. Up to 13% of whole grain consumers cite their better taste as the reason, and high-end restaurants increasingly feature whole grains on their menus. [31]

74.     Whole grain breads require more ingredients that need to bind together than is the case with white bread—meaning a more complicated production process. [32]

---

[29] Milling & Baking News, Bread Product Perspective, *Millers see opportunity for baking despite alarming sales trends*, p. 1, 38 (February 21, 2012).

[30] http://wholegrainscouncil.org/newsroom/whole-grain-statistics

[31] http://wholegrainscouncil.org/newsroom/whole-grain-statistics

[32] Milling & Baking News, Bread Product Perspective, p. 32 (February 21, 2012).

75.    Since 2005, the Dietary Guidelines for Americans have advised consumers to

"make at least half your grains whole" because of the increased health benefits associated with

whole grains, including a decreased risk of cardiovascular disease and Type 2 diabetes.[33]

76.    Following the release of the guidelines, supermarket aisles became flooded with

products boasting the presence of whole grains, and restaurants and sandwich shops also began

featuring whole grain products. [34]

77.    It is very difficult for consumers to determine from a product name or the

appearance of a product the extent to which a product contains whole grains.

78.    The US government advises consumers to look for breads that are at least 51%

whole grain or contain at least 8 grams of whole grain per ounce.[35]

79.    The average consumer does not know how to read an ingredients list and does not

know that for a product to be "whole wheat", the term "whole wheat" needs to appear near the

beginning of the ingredient list.

80.    In response to the Dietary Guidelines, American consumers are increasingly

choosing to consume more whole grains as part of their diet and lifestyle.[36]

---

[33] *USDA, Dietary Guidelines for Americans 2010,*
http://www.cnpp.usda.gov/publications/dietaryguidelines/2010/policydoc/chapter4.pdf ;
http://wholegrainscouncil.org/whole-grain-stamp/stamp-faq-manufacturers

[34] Make Half Your Grains Whole Conference Report, NPD Group April 2009; available at
http://wholegrainscouncil.org/files/3.AreWeThereYet.pdf.

[35] HHS, *USDA, Dietary Guidelines for Americans 2010,* found at:
http://www.cnpp.usda.gov/publications/dietaryguidelines/2010/policydoc/chapter4.pdf The Dietary Guidelines uses
the term "ounce equivalent" to reflect the fact that the quantity of particular foods that constitute an ounce of grain
varies with the type of food. For example, 1 one-ounce slice of bread is a one ounce equivalent of grain. But ½ cup
cooked rice  and a 5 inch pancake constitute a one ounce equivalent of grain. Given that each ounce of bread
constitutes an ounce equivalent, for ease of discussion, this complaint refers to grams of whole grain per ounce.

14

81.     Whole grain consumption is associated with increased cardiovascular health and a decreased risk of type 2 diabetes. [37]

82.     Nutritionists advise adults to eat several servings of whole grain each day. [38]

83.     By contrast, refined grains are widely considered less healthy than whole grains. [39]

84.     Excessive consumption of refined grains is correlated with diabetes and a host of other metabolic disorders. [40]

## CAUSE OF ACTION

### D.C. Consumer Protection Act – D.C. Official Code §§ 28-3901, *et seq.*

85.     Plaintiff incorporates by reference and realleges all previous paragraphs.

86.     This Count is brought pursuant to the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §28-3901 *et seq.* This Count is alleged against the Defendant on behalf of the General Public of the District of Columbia pursuant to District of Columbia Code § 28-3905(k)(1)(A)-(D).

87.     Defendant is a "person" within the meaning of D.C. Official Code § 28-3901(a)(1), and provide "goods" within the meaning of § 28-3901(a)(7).

---

[36] According to a study released by the Whole Grains Council, whole grain foods now make up 34.7% of grain food products sold in supermarkets. Similarly, 36.7% of top chain restaurants are serving whole grain. Make Half Your Grains Whole Conference Report, NPD Group April 2009; available at http://wholegrainscouncil.org/files/3.AreWeThereYet.pdf.

[37] USDA, Dietary Guidelines for Americans 2010 at 36, available at www.dietaryguidelines.gov.

[38] *Id.*

[39] *Id.*

[40] *Id.*

88.     Plaintiff is a "non-profit organization" within the meaning of § 28-3901(a)(14) and a "public interest organization" within the meaning of §28-3901(a)(15).

89.     D.C. Code § 28-3904 makes it an "unlawful trade practice ... whether or not any consumer is in fact misled, deceived or damaged thereby," to, among other things:

(a)     Represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have;

(b)     Represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another;

(e)     Misrepresent as to a material fact which has a tendency to mislead;

(f)     Fail to state a material fact if such failure tends to mislead;

(f-1)   Use innuendo or ambiguity as to a material fact, which has a tendency to mislead; and

(u)     Represent that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

90.     Defendant violated these provisions by, *inter alia*, intentionally representing its Nature's Own Honey Wheat and Whitewheat Breads as whole wheat or white wheat products when, in fact there is a minimal amount of whole wheat in the Honey Wheat bread and no whole wheat or white wheat whatsoever in the Whitewheat bread.

16

91.     Defendant violated these provisions by the use of innuendo or ambiguity to create a false impression that its Honey Wheat bread contained more whole grains and was otherwise nutritionally superior to enriched white bread by placing it in the Soft Variety category on its website.

92.     Defendant knew or should have known that consumers would consider its largely refined Honey Wheat and Whitewheat breads to contain substantial amounts of whole wheat and/or whole white wheat.

93.     Defendant violated these provisions by, *inter alia*, intentionally representing its Nature's Own Honey Wheat bread as containing a significant amount of whole wheat when it is an ordinary white bread with a minimal amount of whole wheat.

94.     Defendant violated these provisions by, *inter alia*, intentionally representing its Nature's Own Honey Whitewheat as containing a significant amount of whole wheat and/or whole white wheat when it has no whole wheat or white wheat whatsoever.

95.     Defendant knew or should have known that consumers would consider its largely refined Nature's Own Honey Wheat and Whitewheat Breads to contain a substantial amount of whole wheat and/or white wheat.

96.     Defendant knew or should have known of the likelihood of confusion between its Whitewheat bread that contains no whole wheat or white wheat and other white wheat breads on the market.

17

97.     Although reliance is not required by the CPPA, District consumers have

nevertheless reasonably relied on Defendant's misrepresentations when purchasing Defendant's

sandwiches.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, and in favor of

Plaintiff and the District of Columbia General Public, and grant the following relief:

a) declaring that Defendant's conduct is in violation of the D.C. Consumer Protection
Procedures Act;

b) enjoining Defendant's conduct found to be in violation of the D.C. Consumer
Protection Procedures Act and ordering corrective advertising or revised labeling;

c) granting Plaintiff and the General Public of the District of Columbia restitution, treble
damages or statutory damages in the amount of $1,500 per violation, whichever is
greater;

d) granting Plaintiff its costs of prosecuting this action, including attorneys' fees, experts'
fees and costs together with interest; and

e) granting such other relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 26, 2013
Washington, D.C.

**REZVANI VOLIN & ROTBERT P.C.**

By: _____

Tracy D. Rezvani (Bar No. 464293)
1050 Connecticut Avenue, N.W.
Tenth Floor
Washington, D.C. 20036
Phone: (202) 350-4270 x101
Fax: (202) 351-0544
trezvani@rvrlegal.com

*Counsel for Plaintiff the National
Consumers League*



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

THE NATIONAL CONSUMERS LEAGUE
    Vs.                               C.A. No.      2013 CA 006550 B
FLOWERS BAKERIES, LLC

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL L RANKIN
Date: September 26, 2013
Initial Conference: 9:30 am, Friday, December 27, 2013
Location: Courtroom 517
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001                    Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

D.C. Courts Home

## Court Cases Online

Click here to view search criteria

Case Search for Company: FLOWERS

Search retrieved 44 cases in 1.67 seconds.

Click here to view search results

Selected 1 cases to view

Viewing single case; Details retrieved in less than a second.

Click here to view case summary

| 2013 CA 006550 B: THE NATIONAL CONSUMERS LEAGUE Vs. FLOWERS BAKERIES, LLC | |
|---|---|
| Case Type: Civil II | File Date: 09/26/2013 |
| Status: Open | Status Date: 09/26/2013 |
| Disposition: Undisposed | Disposition Date: |

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| THE NATIONAL CONSUMERS LEAGUE | | PLAINTIFF | REZVANI, Ms TRACY D |
| FLOWERS BAKERIES, LLC | | Defendant | FALVEY, Ms CHERYL A |

| Schedule Date | Schedule Time | Description |
|---|---|---|
| 12/27/2013 | 09:30 AM | Initial Scheduling Conference-60 |
| 01/10/2014 | 09:30 AM | Scheduling Conference Hearing |

| Docket Date | Description | Messages |
|---|---|---|
| 10/30/2013 | Event Scheduled | Event Scheduled<br>Event: Scheduling Conference Hearing<br>Date: 01/10/2014 Time: 9:30 am<br>Judge: RANKIN, MICHAEL L Location: Courtroom 517 |
| 10/30/2013 | Notice of Hearing Mailed Next Business Day | Notice of Hearing Mailed Next Business Day<br><br>Notice Of Hearing<br>Sent on: 10/30/2013 18:06:04.68 |
| 10/30/2013 | Event Resulted: | Event Resulted:<br>The following event: Initial Scheduling Conference-60 scheduled for 12/27/2013 at 9:30 am has been resulted as follows:<br><br>Result: Scheduling Conf Hrg Cont'd - Judge Not Available<br>Judge: RANKIN, MICHAEL L Location: Courtroom 517 |
| 10/18/2013 | Praecipe Filed: | Flowers Bakeries, LLC's Corporate Disclosure Statement Filed. Submitted 10/18/2013 18:47 jhc.<br>Attorney: FALVEY, Ms CHERYL A (Attorney) on behalf of FLOWERS BAKERIES, LLC (Defendant) |
| 10/18/2013 | Miscellaneous Docket | Flowers Bakeries, LLC's Corporate Disclosure Statement Filed. Submitted 10/18/2013 18:44 jhc.<br>Attorney: FALVEY, Ms CHERYL A (414277)<br>FLOWERS BAKERIES, LLC (Defendant); |
| 10/18/2013 | Motion to Extend Time to Answer to Complaint Filed | Consent Motion to Extend Defendant's Time to Respond to the Complaint Filed. Submitted 10/18/2013 18:07 jhc.<br>Attorney: FALVEY, Ms CHERYL A (414277)<br>FLOWERS BAKERIES, LLC (Defendant); Receipt: 265419 Date: 10/21/2013 |
| 10/18/2013 | Praecipe to Enter Appearance Filed | Praecipe to Enter Appearance Filed. Submitted 10/18/2013 17:59 jhc.<br>Ms CHERYL A FALVEY (Attorney) on behalf of FLOWERS BAKERIES, LLC (Defendant) |
| 09/26/2013 | Service Issued | Issue Date: 09/26/2013<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br><br>FLOWERS BAKERIES, LLC<br>1919 Flowers Circle,<br>THOMASVILLE, GA 31757<br>Tracking No: 5000138505 |
| 09/26/2013 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 12/27/2013 Time: 9:30 am<br>Judge: RANKIN, MICHAEL L Location: Courtroom 517 |
| 09/26/2013 | Complaint for Fraud Filed | Complaint for Fraud Filed<br>Attorney: REZVANI, Ms TRACY D (464293)<br>THE NATIONAL CONSUMERS LEAGUE (PLAINTIFF); Receipt: 263681 Date: 09/26/2013 |

| Receipt # | Date | From | Payments | | Fee | | Amount Paid |
|-----------|------|------|----------|--|-----|--|-------------|
| 265419 | 10/21/2013 | KAPLAN, ANDREW D | Efile | $20.00 | Cost | $20.00 | $20.00 |
| 263681 | 09/26/2013 | THE NATIONAL CONSUMERS LEAGUE | Check | $120.00 | Cost | $120.00 | $120.00 |

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

THE NATIONAL CONSUMERS LEAGUE,
1701 K Street, NW, Suite 1200, Washington,
DC 200006, on behalf of the general public,

        Plaintiff,

    v.

FLOWERS BAKERIES, LLC, 1919
Flowers Circle, Thomasville, GA 31757

        Defendant.

Civ. No. 2013-CA-006550 B

Honorable Michael L. Rankin

Next Scheduled Event:
Initial Conference, December 27, 2013

## CONSENT MOTION TO EXTEND DEFENDANT'S TIME TO RESPOND TO THE COMPLAINT

Defendant Flowers Bakeries, LLC ("Flowers Bakeries"), by and through its undersigned counsel, without waiver of its claims and/or defenses in this action, hereby moves this Court to extend the time by which Flowers Bakeries must answer, move or otherwise respond to the Complaint.  Flowers Bakeries respectfully requests that this Court grant its Consent Motion on the following grounds:

    1.    Plaintiff, The National Consumers League ("NCL"), filed the Complaint in this case on September 26, 2013.

    2.    Flowers Bakeries was served with the Complaint on or about October 1, 2013.

    3.    Flowers Bakeries' response to the Complaint is currently due on October 21, 2013.

    4.    On October 18, 2013, counsel for NCL agreed via teleconference to provide Flowers Bakeries with a 30-day extension of time to respond to the Complaint.

    5.    Flowers Bakeries seeks to extend the time by which it must answer, move or otherwise respond to the Complaint by 30 days or by November 20, 2013.

6.      This is Flowers Bakeries' first request for an extension of time to file a response to the Complaint in this case.

7.      This Consent Motion is being brought within the time permitted to respond to the Complaint.

Accordingly, Flowers Bakeries respectfully requests that this Court grant it an extension of time to answer, move or otherwise respond to the Complaint until November 20, 2013.


Dated: October 18, 2013                    Respectfully submitted,

                                           CROWELL & MORING LLP


                                    By: /s/ Cheryl A. Falvey_____
                                       Cheryl A. Falvey (D.C. Bar No. 414277)
                                       Christopher A. Cole (D.C. Bar No. 443206)
                                       Andrew D. Kaplan (D.C. Bar No.473932)
                                       Lauren B. Patterson (D.C. Bar No. 990400)
                                       1001 Pennsylvania Avenue, NW
                                       Washington, DC 20004
                                       Telephone:  202.624.2500
                                       Facsimile:   202.628.5116
                                       cfalvey@crowell.com
                                       ccole@crowell.com
                                       akaplan@crowell.com
                                       lpatterson@crowell.com

                                       *Counsel for Defendant*
                                       *Flowers Bakeries, LLC*

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

THE NATIONAL CONSUMERS LEAGUE,
1701 K Street, NW, Suite 1200, Washington,
DC 200006, on behalf of the general public,

            Plaintiff,

v.

FLOWERS BAKERIES, LLC, 1919
Flowers Circle, Thomasville, GA 31757

            Defendant.

Civ. No. 2013-CA-006550 B

Honorable Michael L. Rankin

Next Scheduled Event:
Initial Conference, December 27, 2013

## CERTIFICATE PURSUANT TO D.C. SUPER. CT. R. CIV. PROC. 12-I

Pursuant to Superior Court Rule of Civil Procedure 12-I, the undersigned counsel

certifies that all parties consent to the relief sought in the above-referenced motion.

Dated: October 18, 2013

            Respectfully submitted,

            CROWELL & MORING LLP

            By: /s/ Cheryl A. Falvey
              Cheryl A. Falvey (D.C. Bar No. 414277)
              Christopher A. Cole (D.C. Bar No. 443206)
              Andrew D. Kaplan (D.C. Bar No.473932)
              Lauren B. Patterson (D.C. Bar No. 990400)
              1001 Pennsylvania Avenue, NW
              Washington, DC 20004
              Telephone:   202.624.2500
              Facsimile:   202.628.5116
              cfalvey@crowell.com
              ccole@crowell.com
              akaplan@crowell.com
              lpatterson@crowell.com

              *Counsel for Defendant*
              *Flowers Bakeries, LLC*

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

THE NATIONAL CONSUMERS LEAGUE,
1701 K Street, NW, Suite 1200, Washington,
DC 200006, on behalf of the general public,

        Plaintiff,

v.

FLOWERS BAKERIES, LLC, 1919
Flowers Circle, Thomasville, GA 31757

        Defendant.

Civ. No. 2013-CA-006550 B

Honorable Michael L. Rankin

Next Scheduled Event:
Initial Conference, December 27, 2013

## CERTIFICATE OF SERVICE

I hereby certify that, on October 18, 2013, the foregoing Consent Motion to Extend

Defendant's Time To Respond to the Complaint, Rule 12-I Certificate, and proposed Order were

served on all counsel of record electronically via the CaseFileXpress system.

Dated: October 18, 2013

Respectfully submitted,

CROWELL & MORING LLP

By: /s/ Cheryl A. Falvey
   Cheryl A. Falvey (D.C. Bar No. 414277)
   Christopher A. Cole (D.C. Bar No. 443206)
   Andrew D. Kaplan (D.C. Bar No.473932)
   Lauren B. Patterson (D.C. Bar No. 990400)
   1001 Pennsylvania Avenue, NW
   Washington, DC 20004
   Telephone:   202.624.2500
   Facsimile:   202.628.5116
   cfalvey@crowell.com
   ccole@crowell.com
   akaplan@crowell.com
   lpatterson@crowell.com

   *Counsel for Defendant*
   *Flowers Bakeries, LLC*

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

THE NATIONAL CONSUMERS LEAGUE,
1701 K Street, NW, Suite 1200, Washington,
DC 200006, on behalf of the general public,

        Plaintiff,

    v.

FLOWERS BAKERIES, LLC, 1919
Flowers Circle, Thomasville, GA 31757

        Defendant.

Civ. No. 2013-CA-006550 B

Honorable Michael L. Rankin

Next Scheduled Event:
Initial Conference, December 27, 2013

**[PROPOSED] ORDER**

**UPON CONSIDERATION OF** the Consent Motion to Extend Defendant's Time to

Respond to the Complaint, it is:

    **ORDERED** that the Motion is **GRANTED** and it is further

    **ORDERED** that Defendant Flowers Bakeries, LLC be granted an extension of time

to respond to the Complaint until November 20, 2013.

Dated: _____, 2013

_____
Judge Michael L. Rankin
D.C. Superior Court Judge

Copies to:

Tracy Rezvani, Esquire
Rezvani Volin & Robert P.C.
1050 Connecticut Ave, N.W., 10th Floor
Washington, DC 20004
*Counsel for Plaintiff*
*The National Consumers League*

Cheryl A. Falvey, Esquire
Christopher A. Cole, Esquire
Andrew D. Kaplan, Esquire
Lauren B. Patterson, Esquire
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Defendant*
*Flowers Bakeries, LLC*

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| THE NATIONAL CONSUMERS LEAGUE, 1701 K Street, NW, Suite 1200, Washington, DC 200006, on behalf of the general public,<br><br>        Plaintiff,<br><br>    v.<br><br>FLOWERS BAKERIES, LLC, 1919 Flowers Circle, Thomasville, GA 31757<br><br>        Defendant. | Civ. No. 2013-CA-006550 B<br><br>Honorable Michael L. Rankin<br><br>Next Scheduled Event:<br>Initial Conference, December 27, 2013 |

## FLOWERS BAKERIES USA'S CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. SCR-Civil Rule 7.1(a), Defendant Flowers Bakeries, LLC, by its undersigned counsel, hereby certifies that Flowers Foods, Inc. is the parent company for Defendant Flowers Bakeries, LLC.  No other publicly held corporation has an ownership interest in Defendant.

Dated: October 18, 2013

Respectfully submitted,

CROWELL & MORING LLP

By: /s/ Cheryl A. Falvey
    Cheryl A. Falvey (D.C. Bar No. 414277)
    Christopher A. Cole (D.C. Bar No. 443206)
    Andrew D. Kaplan (D.C. Bar No.473932)
    Lauren B. Patterson (D.C. Bar No. 990400)
    1001 Pennsylvania Avenue, NW
    Washington, DC 20004
    Telephone:  202.624.2500
    Facsimile:   202.628.5116
    cfalvey@crowell.com
    ccole@crowell.com
    akaplan@crowell.com
    lpatterson@crowell.com

    *Counsel for Defendant*
    *Flowers Bakeries, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2013 a true and correct copy of the foregoing document was served on all counsel of record by electronic submission via CaseFileXpress.

/s/ Cheryl A. Falvey_____
Cheryl A. Falvey

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

THE NATIONAL CONSUMERS LEAGUE,
1701 K Street, NW, Suite 1200, Washington,
DC 200006, on behalf of the general public,

      Plaintiff,

    v.

FLOWERS BAKERIES, LLC, 1919
Flowers Circle, Thomasville, GA 31757

      Defendant.

Civ. No. 2013-CA-006550 B

Honorable Michael L. Rankin

Next Scheduled Event:
Initial Conference, December 27, 2013

## PRAECIPE TO ENTER APPEARANCE

Please enter the appearance of Cheryl A. Falvey, Christopher A. Cole, Andrew D.

Kaplan, and Lauren B. Patterson of Crowell & Moring LLP, as counsel of record for Flowers

Bakeries, LLC, in the above-captioned case.

Dated: October 18, 2013

Respectfully submitted,

CROWELL & MORING LLP

By: /s/ Cheryl A. Falvey
   Cheryl A. Falvey (D.C. Bar No. 414277)
   Christopher A. Cole (D.C. Bar No. 443206)
   Andrew D. Kaplan (D.C. Bar No.473932)
   Lauren B. Patterson (D.C. Bar No. 990400)
   1001 Pennsylvania Avenue, NW
   Washington, DC 20004
   Telephone:  202.624.2500
   Facsimile:   202.628.5116
   cfalvey@crowell.com
   ccole@crowell.com
   akaplan@crowell.com
   lpatterson@crowell.com

   *Counsel for Defendant*
   *Flowers Bakeries, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2013 a true and correct copy of the foregoing

document was served on all counsel of record by electronic submission via CaseFileXpress.


/s/ Cheryl A. Falvey
Cheryl A. Falvey